**William R. MOHUNDRO, Plaintiff/Respondent,**

v.

**Jay NELSON and Jack Shepard, Defendants/Appellants.**

**No. ED 79687.**

Missouri Court of Appeals,
Eastern District,
Division Four.

March 5, 2002.

SHERRI B. SULLIVAN, Presiding Judge.

## Introduction

Jay Nelson (Nelson) and Jack Shepard (Shepard) (collectively Appellants) appeal from the trial court's judgment on William R. Mohundro's (Respondent) claim for damages alleging odometer fraud and fraudulent misrepresentation in the sale of an automobile. We reverse.

## Factual and Procedural Background

On March 24, 2000, Respondent purchased a 1986 Chevrolet Blazer (Blazer) from JT Auto Sales for $5,995.00. Nelson owns JT Auto Sales. After purchasing the Blazer, Respondent was transferred to a job causing him to drive further to work. Approximately three months after purchasing the Blazer, Respondent asked JT Auto Sales to purchase the vehicle back from him, because he could not afford the additional cost of gasoline. JT Auto Sales did not repurchase the Blazer from Respondent. On July 29, 2000, when Respondent became aware of efforts to repossess the Blazer, he returned the Blazer to JT Auto Sales' lot.

On November 13, 2000, Respondent filed a cause of action in Small Claims Court claiming that Shepard, JT Auto Sales' salesman, orally misrepresented the number of miles on the Blazer as approximately 56,000. Appellants requested a trial de novo from the Small Claims Court decision, which is not part of the record on appeal. On May 2, 2001, after a bench trial, the trial court rendered a $3,000.00 judgment in favor of Respondent. Appellants filed a Motion to Amend Judgment, which the trial court denied on June 5. Appellants timely filed this appeal. Appellants present two points on appeal.[1]

William Mohundro, St. Charles, MO, pro se.

Michael Foss Merritt, Law office of Wyne & Merritt, Creve Coeur, MO, for appellants.

1. We consider Appellants' points without the benefit of a response brief from Respondent.

*Standard of Review*

The standard of review for a court-tried case requires us to affirm the judgment "unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law." *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo.banc 1976).

*Point I*

In their first point, Appellants contend that the trial court erred in rendering judgment in favor of Respondent on his claim that Appellants misrepresented the number of miles on the Blazer because there was no evidence admitted at trial substantiating that the vehicle mileage was misrepresented or that Appellants knew that the vehicle mileage was misrepresented. In support of their point, Appellants maintain that while Respondent testified that he was told the Blazer had 56,000 miles, there was no evidence that the mileage on the vehicle was anything other than 56,000 miles at the time of sale or that Appellants knew that the mileage was not 56,000.

*Discussion*

■ Respondent's petition does not allege a specific cause of action. The petition reads: "We were lied to [sic] amount the mileage on the 1985–1986 Chevy Blazer. Were told actual mileage was @ # 58,000 no more than 58,750. Actual miles were over # 150,000 miles." There is a civil cause of action for odometer fraud. Section 407.546 [2] provides that "[a]ny person who with intent to defraud, violates any of the provisions of sections 407.511 to 407.556 RSMo, shall be liable in civil damages. . . . ." However, Section 407.556.2 provides:

The provisions of sections 407.511 to 407.556 do not apply to the following motor vehicles:

(1) Any motor vehicle having a gross vehicle weight rating of more than sixteen thousand pounds;

**(2) Any motor vehicle that is ten years old or older;**

(3) Any motor vehicle sold directly by the manufacturer to any agency of the United States in conformity with contractual specifications; or

(4) Any new vehicle prior to its first transfer for purposes other than resale.

(emphasis added).

Evidence in the record, including the Sale Contract (Contract) and the Application for Missouri Title (Title), both of which Respondent signed, and Respondent's own testimony, indicate that the Blazer was over ten years old at the time Respondent purchased it. Furthermore, both the Contract and the Title contain the word "exempt" in the mileage portions of the respective documents. Accordingly, no civil cause of action for odometer fraud could be maintained.

■ The wording of Respondent's petition indicates his cause of action may be one of fraudulent misrepresentation. The elements of fraudulent misrepresentation are (1) a false, material misrepresentation, (2) the speaker's knowledge of its falsity or ignorance of the truth, (3) the speaker's intent that it should be acted upon by the hearer in a manner reasonably contemplated, (4) the hearer's ignorance of falsity of misrepresentation, (5) the hearer's reliance on its truth, (6) the hearer's right to rely thereon, and (7) the hearer's consequent and proximately caused injury. *Thoroughbred Ford, Inc. v. Ford Motor Co.*, 908 S.W.2d 719, 731 (Mo.App. E.D.1995).

---

**2.** All statutory references are to RSMo (2000), unless otherwise indicated.

Each of these elements must be proven with sufficient evidence. *Id.*

■ The only admissible evidence presented by Respondent that a false, material representation was made regarding the number of miles on the Blazer was his testimony that Shepard orally misrepresented the number of miles on the vehicle as being approximately 56,000. Respondent attempted to submit a "CarFax" document indicating a "potential rollback" of the odometer, but the trial court rejected it as hearsay without a proper foundation being laid. Accordingly, no evidence was presented showing that the mileage was anything other than 56,000. We also note that the No Warranty document and the Junk Affidavit, both signed by Respondent, indicate clearly that the Blazer was sold "as is."

Respondent cannot establish that Appellants made a false, material representation, or that they were aware of the falsity of their representation. Therefore, the trial court's judgment was not supported by substantial evidence. Appellants' first point on appeal is granted.[3]

### Conclusion

For the foregoing reasons, the judgment of the trial court is reversed.

LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J., concur.

---

[3]. In their second point, Appellants assert that the trial court erred in rendering a $3,000.00 judgment on Respondent's claim that Appellants misrepresented the mileage on a vehicle sold to Respondent because the record contains no evidence as to Respondent's damages

in that no evidence was admitted as to the actual value of the vehicle at the time of purchase. Because the first point is determinative of this appeal, we need not address this point.